United States District Court
Southern District of Texas
**ENTERED**
December 04, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| GLORIA TELMA MOYA, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 7:19-cv-00390 |
| § | |
| SAM'S EAST, INC., § | |
| § | |
| Defendant. § | |

## OPINION AND ORDER

The Court now considers Plaintiff's unopposed motion for leave to file a motion to substitute proper party,[1] unopposed motion for leave to file a motion to extend all discovery deadlines,[2] and unopposed motion for leave to file a motion for continuance.[3] Because the motions are unopposed, the Court reviews them as soon as practicable.[4]

### I. BACKGROUND AND PROCEDURAL HISTORY

This is a personal injury case involving injuries sustained by Plaintiff Gloria Telma Moya on June 27, 2018 while in the café of Defendant's store, a Sam's Club in McAllen, Texas.[5] Plaintiff alleges she "slipped and fell due to something wet and slip[p]ery/greasy on the floor."[6] Plaintiff originally filed this case in state court on August 30, 2019, bringing a single claim for negligence.[7] Defendant removed to this Court on November 20, 2019 on the basis of diversity

---

[1] Dkt. No. 29.
[2] Dkt. No. 31.
[3] Dkt. No. 32.
[4] LR7.2 ("Motions without opposition and their proposed orders must bear in their caption 'unopposed.' They will be considered as soon as it is practicable.").
[5] *See* Dkt. No. 1-2 (Plaintiff's original state court petition).
[6] *Id.* at 2.
[7] Dkt. No. 1-2.

jurisdiction.[8]

The Court has previously granted two extensions of the discovery deadline at the request of Plaintiff, first on July 21, 2020[9] and again on August 24, 2020.[10] In its last order, the Court set the deadline for discovery on October 9, 2020.[11]

On September 28, 2020, Plaintiff Gloria Telma Moya passed away due to COVID-19.[12] Plaintiff's attorney was not notified of Ms. Moya's death until October 6, 2020.[13] Upon receiving this news, the parties "halt[ed] discovery until a representative was appointed in her Estate."[14] On November 16, 2020, Guadalupe Moya was appointed Temporary Administrator of the Estate of Gloria Telma Moya.[15] In light of Ms. Moya's passing, Guadalupe Moya, on behalf of Gloria Telma Moya's Estate, brings the present motions.[16] These motions are unopposed and, therefore, ripe for consideration. The Court turns to its analysis.

## II. JURISDICTION

This Court has jurisdiction under 28 U.S.C. § 1332.

## III. MOTIONS FOR LEAVE

In light of the untimely death of Plaintiff Gloria Telma Moya, the Court finds good cause for the late filings and hereby **GRANTS** leave to file the substantive motions.[17]

Since the substantive motions are filed as exhibits to the motions for leave to file,[18] the Court considers instanter: Plaintiff's unopposed motion to substitute proper party;[19] Plaintiff's

---

[8] Dkt. No. 1 at 1.
[9] Dkt. No. 16.
[10] Dkt. No. 26.
[11] *Id*.
[12] Dkt. No. 29-2.
[13] Dkt. No. 29-1.
[14] *Id*. at 1, ¶ 1.e.
[15] Dkt. No. 29-3.
[16] Dkt. Nos. Dkt. No. 29-1; 30; 31-1; 32-1.
[17] Dkt. Nos. 29; 31; 32.
[18] Dkt. Nos. 29; 31; 32.

unopposed motion to extend discovery;[20] and Plaintiff's unopposed motion for continuance.[21] The Court also considers "Plaintiff Guadalupe Moya, on Behalf of the Estate of Gloria Telma Moya, Motion for Leave to File Plaintiff's Second Amended Complaint."[22] As these motions are unopposed, they are ripe for consideration.

### IV. MOTION TO SUBSTITUTE PROPER PARTY

In Plaintiff's first unopposed motion, Guadalupe Moya, as Temporary Administrator of the Estate of Gloria Telma Moya, moves to be substituted as proper party in this case.[23]

Federal Rule of Civil Procedure (Rule) 25 provides that "if a party dies and the claim is not extinguished, the court may order substitution of the proper party." A substitution may be made on motion by any party or by any successor or representative of the decedent within ninety days after service of a statement noting the death.[24]

In light of the death of Gloria Telma Moya[25] and the appointment of Guadalupe Moya as Temporary Administrator of the Estate of Gloria Telma Moya, the Court finds substitution warranted. Accordingly, the Court **GRANTS** Plaintiff's motion and **ORDERS** the Clerk of the Court to substitute Guadalupe Moya,[26] on behalf of the Estate of Gloria Telma Moya, for Gloria Telma Moya as proper plaintiff in this case.

---

[19] Dkt. No. 29-1.
[20] Dkt. No. 31-1.
[21] Dkt. No. 32-1.
[22] Dkt. No. 30.
[23] Dkt. No. 29-1.
[24] Fed. R. Civ. P. 25(a)(1).
[25] Ms. Moya died on September 28, 2020, less than ninety days since the filing of the current motion. *See* Dkt. Nos. 29-1–29-2.
[26] While "Guadalupe" is both a male and female name, Plaintiff's motion refers to Guadalupe as a male, so the Court hereafter refers to Guadalupe as a male.

## V. Motion for Leave to File Amended Complaint

In Plaintiff's unopposed motion for leave to file his second amended complaint, Plaintiff seeks to amend his complaint to reflect changes in the case since the death of Gloria Telma Moya.[27]

Pursuant to Federal Rule of Civil Procedure (Rule) 15(a), a party may amend its pleadings once as a matter of course within twenty-one days after service, and thereafter with written consent of the opposing party or by leave of the Court. "The Court should freely give leave when justice so requires."[28] Ordinarily, the Court considers the following five warning factors that weigh against granting leave to amend: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment.[29] However, Federal Rule of Civil Procedure 15 is biased toward the granting of amendments[30] and the Court must possess a "substantial reason to deny a party's request for leave to amend."[31]

Here, it does not appear that any of the warning factors are present or any substantial reason exists to deny leave to amend. As Defendant is unopposed to this request and in light of Gloria Telma Moya's death, the Court **GRANTS** Plaintiff's unopposed motion for leave to file his second amended complaint.[32] The Court **ORDERS** the Clerk of the Court to file the attached "Plaintiff's Second Amended Complaint"[33] as a separate docket entry instanter, which will be considered Plaintiff's live pleading in this case.

---

[27] Dkt. No. 30 at 1–2, ¶¶ 8–9.
[28] Fed. R. Civ. P. 15(a)(2).
[29] *SGK Props., L.L.C. v. U.S. Bank Nat'l Ass'n*, 881 F.3d 933, 944 (5th Cir.) (quoting *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)), *cert. denied*, 139 S. Ct. 274 (2018).
[30] *See Sanders-Burns v. City of Plano*, 594 F.3d 366, 379–80 (5th Cir. 2010).
[31] *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quotation omitted).
[32] Dkt. No. 30.
[33] Dkt. No. 30-1.

**VI. MOTION TO EXTEND DISCOVERY DEADLINES AND MOTION FOR CONTINUANCE**

In Plaintiff's unopposed motions for extension[34] and continuance,[35] he seeks to extend the discovery deadline, continue the case, and reset all deadlines in this case.[36]

    a. Legal Standard

The Court evaluates requests for deadline extensions made after the deadline under Federal Rule of Civil Procedure 6(b)(1)(B) for "excusable neglect." The excusable neglect standard encompasses "late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control."[37] "[T]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission . . . the danger of prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[38]

    b. Analysis

In support of his motions, Plaintiff points out that Defendant is unopposed to the request.[39] Plaintiff further argues that the delay is not unreasonable as Plaintiff filed the request as soon as possible once he became aware of the need for additional time in light of the death of Gloria Telma Moya.[40] Plaintiff also asserts that the delay was out of his control due to Ms. Moya's passing and the time it took to appoint a representative of her estate.[41] Plaintiff further provides that he needs the time to depose Defense expert Wendy Britton Knau, whose deposition was

---

[34] Dkt. No. 31-1.
[35] Dkt. No. 32-1.
[36] Dkt. Nos. 31-1; 32-1.
[37] *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 388 (1993).
[38] *Id.* at 395.
[39] Dkt. No. 31-2 at 2, ¶ 12(a); Dkt. No. 32-2 at 3, ¶ 10.
[40] Dkt. No. 31-2 at 3, ¶ 1(b); Dkt. No. 32-2 at 2, ¶ 7.
[41] *Id.*, ¶ 1(d).

initially scheduled for October 8, 2020, but was delayed as a result of Ms. Moya's death.[42] Plaintiff explains that he will also need additional time to meet subsequent deadlines after the deposition.[43] After considering Plaintiff's explanation, the Court finds the proffered basis sufficient to grant the requested extension.

Though this delay will have an impact on timeline of these proceeding, the Court finds the extension warranted in light of the circumstances, particularly Defendant's lack of opposition and the untimely death of Gloria Telma Moya. The Court previously cautioned the parties that it would be reluctant to grant another extension of discovery,[44] but these are unique circumstances. However, the Court warns counsel that it will look with disfavor on future tardiness, regardless of whether the motions for extensions of time stand unopposed. In light of the foregoing reasons, the Court **GRANTS** Plaintiff's motion and extends the parties' discovery deadline to **January 7, 2021**; the deadline to file all dispositive motions to **January 21, 2021**; the joint pretrial order deadline to **February 27, 2021**, and the final pretrial conference to **Monday, March 22, 2021 at 9:00 a.m.**

### VII.    CONCLUSION AND HOLDING

For the foregoing reasons, the Court **GRANTS** Plaintiff's motions[45] and **ORDERS** the Clerk of the Court to substitute Guadalupe Moya, on behalf of the Estate of Gloria Telma Moya, for Gloria Telma Moya as proper plaintiff in this case. The Court further **ORDERS** the Clerk of the Court to file "Plaintiff's Second Amended Complaint"[46] as a separate docket entry instanter, which will be considered Plaintiff's live pleading in this case. Additionally, the Court extends the parties' discovery deadline to **January 7, 2021**; the deadline to file all dispositive motions to

---

[42] Dkt. No. 32-2 at 2, ¶¶ 7–8.
[43] *Id.*, ¶ 9.
[44] Dkt. No. 26 at 7.
[45] Dkt. Nos. 29; 29-1; 30; 31; 31-1; 32; 32-1.
[46] Dkt. No. 30-1.

**January 21, 2021**; the joint pretrial order deadline to **February 27, 2021**, and the final pretrial conference to **Monday, March 22, 2021 at 9:00 a.m.**

IT IS SO ORDERED.

DONE at McAllen, Texas, this 4th day of December 2020.

                                                          Micaela Alvarez
                                      United States District Judge